FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 18, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JANE ELIZABETH ROBERTS, JON ALLEMAN, MICHELLE ANDREWS, GINGER BENNETT, LANI LAGANOWSKI, INGA MILLER, FRANCISCO OQUENDO, ERIN PALMER, MICHELLE RICHARDSON, PETER SPRINGS, KATHY WOLD, and JULIA ZELEPUKHIN,

                        Plaintiffs,

    v.

GOVERNOR JAY INSLEE,

                        Defendant.

NO. 2:23-CV-0295-TOR

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS & DENYING PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS & DENYING PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT ~ 1

1    BEFORE THE COURT is Defendant Governor Jay Inslee's Motion to

2    Dismiss (ECF No. 36) and Plaintiffs' Motion for Leave to File an Amended

3    Complaint (ECF No. 45).  The Court finds oral argument unnecessary to the

4    disposition of these motions.  The Court has reviewed the record and files herein

5    and is fully informed.  For the reasons discussed below, Defendant's Motion to

6    Dismiss (ECF No. 36) is **GRANTED** and Plaintiffs' Motion to File an Amended

7    Complaint (ECF No. 45) is **DENIED**.

8                              **BACKGROUND**

9    These matters arise out of Defendant Governor Jay Inslee's response to the

10   outbreak of the novel coronavirus SARS-CoV-2 (COVID-19) in Washington State.

11   *See* ECF No. 1.  Plaintiffs are former at-will healthcare employees of Shriners

12   Hospitals for Children – Spokane (Shriners Spokane) whose employment was

13   terminated after they failed to vaccinate against COVID-19 as required by their

14   employer.  *Id.* at 6-7, ¶¶ 18.1-18.12.

15   Plaintiffs blame their termination on Defendant's promulgation of

16   Proclamation 21-14, which was issued August 9, 2021 in response to increased

17   transmission of COVID-19 due to a mutation known as the "Delta variant."  *Id.* at

18   5, ¶ 6; *see also* Procl. 21-14 at 2, https://perma.cc/C5AU-MT2U.  As recounted in

19   this Court's previous Order, Proclamation 21-14 required all healthcare workers to

20   fully vaccinate against COVID-19 by October 18, 2021, and barred any health care

employer from continuing to employ any unvaccinated worker past that date.  ECF No. 42 at 3-4 (citing Procl. 21-14 at 4, § 1(d)).  An employee was considered "fully vaccinated" either (1) two weeks after receiving "the second dose in a two-dose series of a COVID-19 vaccine authorized for emergency use, licensed, or otherwise approved by the FDA" or (2) two weeks after receiving "a single-dose COVID-19 vaccine authorized for emergency use, licensed, or otherwise approved by the FDA."  *Id.* at 4 (quoting Procl. 21-14 at 7, § 5(e)).  The Proclamation carved out specific exemptions for individuals with disabilities and sincerely held religious beliefs.  Procl. 21-14 at 4-5, § 2(a), (b).  In accordance with this mandate, Shriners Spokane circulated a staff-wide email notice instructing employees to fully vaccinate against COVID-19 by the October 18 deadline.  ECF No. 42 at 4 (citing ECF No. 1-5 at 6).

Prior to the promulgation of Proclamation 21-14, the United States Food and Drug Administration (FDA) approved three COVID-19 vaccines for Emergency Use Authorization (EUA), including Pfizer-BioNTech, a two-part vaccination series.[1]  *Id.* at 4-5 (citing FDA, *FDA Takes Key Action in Fight Against COVID-19*

---

[1] In considering a motion to dismiss, the Court may take judicial notice of facts "not subject to reasonable dispute," Fed. R. Evid. 201(b), and matters of public record, including the records and reports of administrative bodies, *Lee v.*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS & DENYING
PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT ~ 3

*by Issuing Emergency Use Authorization for First COVID-19 Vaccine*, U.S. FOOD & DRUG ADMIN. (Dec 11, 2020), https://perma.cc/2V4A-TNRK).  Under the EUA statute, the FDA may authorize emergency use of a vaccine pending full agency approval.  *See* 21 U.S.C. § 360bbb-3(a)(2).

On August 23, 2021—approximately two weeks after Proclamation 21-14 was issued and two months before the October 18 vaccination deadline—the FDA approved the first COVID-19 vaccine for individuals 16 years of age and older.  *Id.* at 5 (citing FDA, *FDA Approves First COVID-19 Vaccine*, U.S. Food & Drug Admin. (Aug. 23, 2021), https://perma.cc/4KJS-MBM2).  The agency explained that the approved vaccine had previously been known as Pfizer-BioNTech and would be marketed as "Comirnaty" going forward.  *Id.*  The FDA further explained that the Pfizer-BioNTech and Comirnaty immunizations were composed of "the same formulation" and therefore could "be used interchangeably . . . to provide the COVID-19 vaccination series."  *Id.* at 5-6 (quoting ECF No. 34-1 at 2).  Clinical

*City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (citation omitted).  A matter is not subject to reasonable dispute where it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1), (2).

1 trials showed the vaccine was 91% effective in preventing COVID-19.  *Id.* at 5.

2   Plaintiffs' employment was terminated for refusing to vaccinate by

3 Proclamation 21-14's October 18, 2021 deadline.  *Id.* at 6 (citing ECF No. 1 at 5, ¶

4 8).  Plaintiffs believe they were unlawfully terminated and otherwise sanctioned

5 for refusing an "unlicensed investigational new drug."  *Id.* (citing ECF No. 1 at 75,

6 ¶ 280).  Specifically, Plaintiffs maintain that the vaccine formula available to

7 them—Pfizer-BioNTech—by the October 18 deadline was still only provisionally

8 authorized under the EUA statute and that they could not be required to vaccinate

9 with a formula only authorized for emergency use.  *Id.*  In other words, Plaintiffs

10 assert that Comirnaty was the only FDA-approved drug that they could be

11 compelled to vaccinate with, and that the Comirnaty was legally distinct from the

12 Pfizer-BioNTech vaccine.  *Id.*

13   On October 13, 2023, Plaintiffs filed a 104-page complaint against their

14 former employer and Defendant Inslee in this Court.  *See* ECF No. 1.  The

15 complaint raises six claims under 42 U.S.C. § 1983, including that: (1) Defendants

16 unlawfully "subjected [them] to investigational drug use"; (2) Defendants violated

17 the Equal Protection Clause of the Fourteenth Amendment; (3) Defendants

18 violated the Due Process Clause of the Fourteenth Amendment; (4) Defendants

19 violated the Spending Clause; (5) Defendants violated the unconstitutional

20 conditions doctrine; and (6) Defendants violated the Public Readiness and

1    Emergency Preparedness Act (PREP Act).  *Id.* at 86-98.  Plaintiffs separately

2    allege that (7) Defendants breached a contract to which Plaintiffs were a third-

3    party beneficiary; (8) Defendants violated "Washington State common law

4    employment torts"; (9) Defendants committed the tort of outrage; and (10) if the

5    Court does not find that Defendants were engaged in state action under issue (1),

6    then the Court should find that the EUA statute contains an implied right of action.

7    *Id.* at 98-102.

8        This Court previously considered and dismissed with prejudice all claims

9    against the Shriners Defendants.  ECF No. 42.  The Court now turns to Defendant

10   Inslee's motion to dismiss (ECF No. 36) and Plaintiffs' motion for leave to file an

11   amended complaint (ECF No. 45).

12                                   **DISCUSSION**

13   **I.    Defendant's Motion to Dismiss**

14       Defendant moves to dismiss all ten counts pending against him.  The Court

15   grants the motion.  Plaintiffs cannot prevail on their Section 1983 claims because

16   Defendant is immune from suit in his official capacity and entitled to qualified

17   immunity in his individual capacity.  The remaining four claims each fail as a

18   matter of law.

19   **A.    Rule 12(b)(6) Standard**

20       A motion to dismiss for failure to state a claim under Rule 12(b)(6) "tests the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS & DENYING
PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT ~ 6

1 | legal sufficiency" of a plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th

2 | Cir. 2001); *see also* Fed. R. Civ. P. 12(b)(6) (allowing defendants to bring a motion

3 | to dismiss for "failure to state a claim upon which relief can be granted").    To

4 | withstand a motion to dismiss, a complaint must "contain enough facts to state a

5 | claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

6 | 544, 570 (2007).    "A claim has facial plausibility when the plaintiff pleads factual

7 | content that allows the court to draw the reasonable inference that the defendant is

8 | liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

9 | (citation omitted).    This requires the plaintiff to provide "more than labels and

10 | conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 550.

11 | While a plaintiff need not establish a probability of success on the merits, he  must

12 | demonstrate "more than a sheer possibility that a defendant has acted unlawfully."

13 | *Iqbal*, 556 U.S. at 678.

14 |      When determining whether a claim has been stated, the Court may consider

15 | the "complaint, materials incorporated into the complaint by reference, and matters

16 | of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian*

17 | *Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues*

18 | *& Rights, Ltd.*, 551 U.S. 308, 322 (2007)).    A complaint must contain "a short and

19 | plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

20 | Civ. P. 8(a)(2).    A plaintiff's "allegations of material fact are taken as true and

construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Secs. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

In assessing whether Rule 8(a)(2) is satisfied, the court must first identify the elements of the plaintiff's claims and then determine whether those elements could be proven by the facts pled. The court may disregard allegations contradicted by matters properly subject to judicial notice or by exhibit. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court may also disregard conclusory allegations and arguments which are unsupported by reasonable deductions and inferences. *Id.* A claim may only be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

**B.    Section 1983 Claims: Official Capacity**

Plaintiffs bring multiple constitutional and statutory claims under 42 U.S.C. § 1983. To stake a claim under Section 1983, Plaintiffs must allege Defendant is a "person" who subjected them "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Such claims are "limited by the scope of the Eleventh Amendment," which immunizes the States from suits brought in federal court absent a waiver by the State. *Doe v.*

*Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997). The United States Supreme Court has determined that "a suit against a state official . . . is no different from a suit against the State itself," and that an official acting within his official capacity is therefore not a "person" within the meaning of Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). As an exception to this general rule, a State official sued in his official capacity under Section 1983 for "prospective injunctive relief" does qualify as a "person" subject to suit. *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007).

In this case, Plaintiffs do not dispute that they seek monetary damages rather than prospective injunctive relief. ECF Nos. 41 at 10 (admitting Defendant cannot be sued in his official capacity); 1 at 102-103, ¶¶ 410-16. Accordingly, the Section 1983 claims against Defendant Inslee in his official capacity are dismissed.

## C.    Section 1983 Claims: Individual Capacity

Plaintiffs also sue Defendant in his individual capacity for actions taken under color of law. ECF No. 1 at 9, ¶ 19.9. Defendant answers that he is entitled to qualified immunity on these issues because Plaintiffs have not established that the Proclamation violated any clearly established constitutional or statutory rights. ECF No. 36 at 55.

Qualified immunity shields government actors from civil damages unless their conduct violates "clearly established statutory or constitutional rights of

1  which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S.

2  223, 231 (2009) (internal citation omitted).  "Qualified immunity balances two

3  important interests—the need to hold public officials accountable when they

4  exercise power irresponsibly and the need to shield officials from harassment,

5  distraction, and liability when they perform their duties reasonably." *Id.*  In

6  evaluating a state actor's qualified immunity assertion, a court must determine (1)

7  whether the facts, viewed in the light most favorable to the plaintiff, show that the

8  defendant's conduct violated a statutory or constitutional right; and (2) whether the

9  right was clearly established at the time of the alleged violation such that a

10  reasonable person in the defendant's position would have understood that his

11  actions violated that right.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in*

12  *part by Pearson*, 555 U.S. at 227.

13      A court may, within its discretion, decide which of the two prongs should be

14  addressed first in light of the particular circumstances of the case.  *Pearson*, 555

15  U.S. at 236.  If the answer to either inquiry is "no," then the defendant is entitled to

16  qualified immunity and may not be held personally liable for his conduct.  *Glenn v.*

17  *Wash. Cnty.*, 673 F.3d 864, 870 (9th Cir. 2011).  The Court analyzes each Section

18  1983 claim made by Plaintiffs in turn.

19  //

20  //

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS & DENYING
PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT ~ 10

1

### 1.    *Investigational Drug Use Claims*

2    Plaintiffs assert that they were unlawfully "[s]ubjected to investigational

3    drug use" under "[t]he CDC COVID-19 Vaccination Program Provider

4    Agreement, and the implementing statutes and regulations found at 45 CFR Part

5    46, the Belmont Report, 21 U.S.C. § 360bbb-3, Article VII of the ICCPR Treaty,

6    Federal Wide Assurance, 10 U.S.C. § 980, EUA Scope of Authorization letters,

7    and the Fourteenth Amendment."  ECF No. 1 at 86, ¶ 316.

8    These claims fail from the outset because, as this Court and several others

9    have now concluded, Plaintiffs cannot establish that the Proclamation subjected

10    them to any kind of "investigational" drug use.  As explained in this Court's prior

11    Order on the Shriners Defendants' motion to dismiss, the Pfizer-BioNTech vaccine

12    available to Plaintiffs before the October 18 deadline was not "investigational" but

13    instead fully approved by the FDA: the Pfizer-BioNTech and Comirnaty vaccines

14    were identical in all but name.  ECF No. 42 at 15 (citing *Johnson v. Brown*, 567 F.

15    Supp. 3d 1230, 1247 (D. Or. 2021); *Curtis v. Inslee*, --- F. Supp. 3d ----, 2023 WL

16    8828753, at *2 (W.D. Wash. Dec. 21, 2023)).  Moreover, because it is undisputed

17    that Plaintiffs rejected the FDA-approved Pfizer vaccine, Plaintiffs cannot claim

18    that they were unlawfully "subjected" to any investigational medical product or

19    procedure.  ECF No. 1 at 87-88, ¶ 325.  As such, the facts do not indicate that

20    Defendant's conduct violated any constitutional or statutory right under the EUA

or related laws or treaties, and Defendant is entitled to qualified immunity on this issue.

### 2.    *Equal Protection Claim*

Plaintiffs also claim that Defendant violated the Equal Protection Clause of the Fourteenth Amendment by penalizing healthcare workers who failed to receive the full vaccination series by October 18.  ECF No. 1 at 88, ¶ 329; *see* U.S. Const. Amend. XIV, § 1 ("No State shall . . . deny to any person within its jurisdiction the equal protection of the laws.").

The Equal Protection Clause applies "when the government makes class-based decisions in the employment context, treating distinct groups of individuals categorically differently."  *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 605 (2008) (citations omitted).  If there is no suspect class at issue, a government policy "need only rationally further a legitimate state purpose to be valid." *Minnesota State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 291 (1984).  The requirements of the Equal Protection Clause will be satisfied if "there is a plausible policy reason for the classification, the government relied on facts that may have been considered to be true, and the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational."  *Williams v. Brown*, 567 F. Supp. 3d 1213, 1228 (D. Or. 2021) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 11 (1992)) (internal quotations omitted).  "Given the standard of

review, it should come as no surprise that the Court hardly ever strikes down a policy as illegitimate under rational basis scrutiny." *Trump v. Hawaii*, 585 U.S. 667, 705 (2018).

Plaintiffs have not alleged that they are members of suspect class, nor would the Court entertain such argument. *See Valdez v. Grisham*, 559 F. Supp. 3d 1161, 1178 (D. N.M. 2021) (noting suspect and quasi-suspect classes include classifications based on features such as race, national origin, sex, and illegitimacy). Accordingly, rational basis review applies.

Defendant offered legitimate policy reasons for issuing Proclamation 21-14. As this Court held in a similar Order challenging the lawfulness of Proclamation 21-14 in the context of a challenge brought by firefighters and other operational employees employed by the City of Spokane, "While the Proclamation differentiates between vaccinated and unvaccinated employees, the classifications serve a legitimate government purpose, which is to slow the spread of COVID-19, and the classifications are not arbitrary or irrational." *Bacon v. Woodward*, 2:21-CV-0296-TOR, 2022 WL 2381021, at *3 (E.D. Wash. June 30, 2022). "The Ninth Circuit has recognized that reducing the spread of COVID-19 is a legitimate state interest." *Pilz v. Inslee*, 3:21-cv-05735-BJR, 2022 WL 1719172, at *5 (W.D. Wash. May 27, 2022) (citing *Slidewaters LLC v. Washington State Dep't of Lab. & Indus.*, 4 F.4th 747, 758 (9th Cir. 2021); *Doe v. San Diego Unified Sch. Dist.*, 19

1    F.4th 1173, 1177 (9th Cir. 2021), *application for injunctive relief denied*, 142 S.

2    Ct. 1099 (2022)).  In the context of challenges brought by former healthcare

3    workers employed by a children's hospital, the rationale behind Proclamation 21-

4    14 is even more acute.  *See* Procl. 21-14 at 2 (explaining vaccination protects

5    "youth who are not eligible to receive a vaccine, immunocompromised individuals,

6    and vulnerable persons including persons in health care facilities").  Thus, because

7    Plaintiffs have not stated any facts which show that Proclamation 21-14 was issued

8    beyond Defendant's lawful authority, Defendant is entitled to qualified immunity

9    on this issue.

10                    **3.    Due Process Claims**

11           Plaintiffs present both substantive and procedural due process challenges.

12   The Court begins with the substantive due process claim.  Plaintiffs assert that

13   Defendant ignored Plaintiffs' right to refuse administration of "EUA drugs and

14   medical products . . . in an attempt to increase the number of participants in the

15   CDC COVID-19 Vaccination Program for purposes of greed."  ECF No. 1 at 89, ¶

16   334.  Plaintiffs further aver that Proclamation 21-14's "requirement that Plaintiffs

17   inject unlicensed drugs into their bodies as a condition to sell their labor is not a

18   legitimate exercise of the police power of the State."  *Id.* at 89-90, ¶ 336.

19           "The substantive component of the Due Process Clause forbids the

20   government from depriving a person of life, liberty, or property in such a way that

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS & DENYING
PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT ~ 14

1    . . . interferes with rights implicit in the concept of ordered liberty." *Engquist v.*

2    *Oregon Dep't of Agric.*, 478 F.3d 985, 996 (9th Cir. 2007) (internal quotations and

3    citation omitted).  As explained above, Defendant had a rational basis for issuing

4    the Proclamation.

5    　　　Second, and contrary to Plaintiffs' assertions, there is no fundamental right

6    to continued employment in a particular job.  *Massachusetts Bd. of Ret. v. Murgia*,

7    427 U.S. 307, 313 (1976); *see also Culinary Studios, Inc. v. Newsom*, 517 F. Supp.

8    3d 1042, 1069 (9th Cir. 2021) (recognizing substantive due process violations only

9    where there has been "a complete prohibition of the right to engage in a calling").

10   This Court has now ruled on several occasions that employees may be lawfully

11   terminated for refusing to vaccinate in accordance with the terms of Proclamation

12   21-14.  *See e.g.*, *Jensen v. Biden*, 4:21-CV-5119-TOR, 2021 WL 10280396, at *8

13   (E.D. Wash. Nov. 19, 2021) (holding that Plaintiff who refused vaccination did not

14   have a constitutionally protected interest in continued employment as an athletics

15   coach); *see also, e.g.*, *Wise v. Inslee*, 2:21-CV-0288-TOR, 2022 WL 1243662, at

16   *5 (E.D. Wash. Apr. 27, 2022) (holding that state employees who refused to

17   vaccinate were not entitled to continued employment in their jobs).  The result is

18   the same here.  Despite the widespread availability of an FDA-approved

19   vaccination series, Plaintiffs refused vaccination and thereby failed to meet the

20   requirements to maintain their employment.  Accordingly, the facts do not show

1  that Defendant's conduct violated Plaintiff's rights under the substantive due

2  process clause, and Defendant is entitled to qualified immunity on this claim.

3       Turning to the procedural due process challenge, Plaintiffs assert that

4  Defendant did not provide them "with a date, time, place, or procedure to defend

5  their right to refuse injection of an unlicensed drug before depriving them of their

6  liberty or their property."  ECF No. 1 at 89-90, ¶ 336.

7        "A section 1983 claim based upon procedural due process . . . has three

8  elements: (1) a liberty or property interest protected by the Constitution; (2) a

9  deprivation of the interest by the government; [and] (3) lack of process." *Portman*

10 *v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).  However, as this Court

11 has explained:

> [W]hen a policy is generally applicable, employees are not entitled to
> process above and beyond the notice provided by the enactment and
> publication of the policy itself.  District courts around the country have
> applied this principle to employer-issued vaccine mandates during the
> COVID-19 pandemic, finding employees are not entitled to greater
> service than what is provided by the enactment of the mandates
> themselves.

16 *Wise*, 2022 WL 1243662 at *5 (internal quotations and citations omitted).

17       As in *Wise*, Defendant was not required to provide Plaintiffs "with more

18 process beyond what was provided by enacting the Proclamation." *Id.*  Further, as

19 this Court discussed in examining Plaintiffs' substantive due process claim,

20 Plaintiffs have not identified a constitutionally protected liberty or property interest

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS & DENYING
PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT ~ 16

1  in maintaining their employment at Shriners.  Therefore, the Court finds that

2  Defendant is entitled to qualified immunity on this claim.

3  ### 4.  *Spending Clause Claim*

4  Next, Plaintiffs assert that Defendant violated the Spending Clause.  ECF

5  No. 1 at 90-92.  In their response briefing, Plaintiffs admit that "the Spending

6  Clause itself does not create a cause of action," but argue that "conferred rights in

7  any spending legislation do."  ECF No. 41 at 23.  Plaintiffs press that the CDC

8  Program "is spending legislation" because the EUA statute confers certain rights

9  and all vaccinations were purchased by the federal government using funding from

10  the Department of Defense.  *Id.*

11  The Spending Clause authorizes Congress to "lay and collect Taxes, Duties,

12  Imposts, and Excises, to pay the Debts and provide for the common Defence and

13  general Welfare of the United States."  *See* U.S. Const., Art. I, § 8, cl. 1.  "Incident

14  to this power, Congress may attach conditions on the receipt of federal funds, and

15  has repeatedly employed the power 'to further broad policy objectives by

16  conditioning receipt of federal moneys upon compliance by the recipient with

17  federal statutory and administrative directives.'"  *S. Dakota v. Dole*, 483 U.S. 203,

18  206 (1987) (quoting *Fullilove v. Klutznick*, 448 U.S. 448, 474 (1980)).

19  The Spending Clause may attach limits on the federal government's ability

20  to condition use of federal funds, but Plaintiffs identify no authority for the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS & DENYING
PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT ~ 17

proposition that it likewise limits state governors or private employers.  *See Curtis v. Inslee*, 3:23-cv-5741-RJB, 2024 WL 810503, at *7 (W.D. Wash. Feb. 27, 2024) (denying leave to file an amended complaint).

Additionally, as Defendant observes, Plaintiffs have not identified applicable spending legislation giving rise to enforceable rights.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273. 280 (2002).  The only arguable spending legislation Plaintiffs discussed—10 U.S.C. § 980—provides that "[f]unds appropriated to the *Department of Defense* may not be used for research involving a human being." (emphasis added).  The statute by its plain terms does not apply to the Governor, and neither does the Proclamation involve research on human beings.  Thus, because Plaintiffs cannot show Defendant's conduct violated any of their rights under the Spending Clause or applicable spending legislation, Defendant is entitled to qualified immunity on this issue.

### 5.   *Unconstitutional Conditions Doctrine Claim*

Plaintiffs contend that the Proclamation violated the unconstitutional conditions doctrine.  ECF No. 1 at 94-95.  Under the unconstitutional conditions doctrine, "even though a person has no 'right' to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons . . . [i]t may not deny a benefit to a person on a basis that infringes his constitutionally protected interests."  *Bingham v. Holder*, 637 F.3d 1040, 1045-46

(9th Cir. 2011) (quoting *Perry v. Sinderman*, 408 U.S. 593, 597 (1972)).  The

doctrine does not apply where a government benefit is not at issue or where at-will

employees have been terminated.  *See Curtis*, 2023 WL 8828753 at *7 (citing

*Antunes v. Rector & Visitors of Univ. of Va.*, 627 F. Supp. 3d 553, 566 (W.D. Va.

2022).

　　　Plaintiffs assert that the unconstitutional conditions doctrine applies because

Defendant "established conditions requiring Plaintiffs to surrender their

Constitutional rights under the Fourteenth Amendment to enjoy privileges of the

State, such as the ability to sell their labors in the marketplace freely."  ECF No. 1

at 95, ¶ 365.  Because Plaintiffs have not alleged a government benefit is at issue

and do not deny their status as at-will employees, Defendant's conduct did not

amount to a violation of the unconstitutional conditions doctrine.

### 6.   *PREP Act Claims*

　　　Plaintiff's final Section 1983 claim concerns the PREP Act.  Plaintiffs argue

that Defendant established laws and policies which conflicted with the PREP Act

by requiring "Plaintiffs to participate in the use of a covered countermeasure under

threat of penalty."  ECF No. 1 at 96, ¶ 376.

　　　Under the PREP Act, the Secretary of Health and Human Services may

authorize certain "covered countermeasures," including drugs for emergency use

authorization, upon "a determination that disease or other health condition or other

threat to health constitutes a public health emergency."  42 U.S.C. § 247d-6d(b)(1).

The PREP Act creates immunity for covered persons for "any claim for loss that

has a causal relationship with the administration to or use by an individual of a

covered countermeasure" upon the Secretary's declaration that a disease

constitutes public health emergency.  *Maney v. Brown*, 91 F.4th 1296, 1298 (9th

Cir. 2024) (citing 42 U.S.C. § 247d-6d(a)(2)(B)).  Thus, as Defendant explains,

"rather than creating a cause of action, the PREP Act creates immunity."  ECF No.

36 at 46 (quotations and citations omitted); *see also Maney*, 91 F.4th at 1301

("Several of the PREP Act's provisions expressly show Congress's intent to extend

immunity to persons who make policy-level decisions regarding administration or

use of covered countermeasures and do not directly administer countermeasures to

particular individuals.").  The "sole exception" to such immunity stems from "an

exclusive Federal cause of action against a covered person for death or serious

physical injury proximately cause by willful misconduct."  42 U.S.C. § 247d-

6d(d)(1).  A complaint under this exception must be filed and maintained in the

United States District Court for the District of Columbia and accompanied by a

physician's affidavit and certified medical records documenting the injury.

§ 247d-6d(e)(1), (e)(4).

Plaintiffs have not alleged that they were subject to death or any kind of

serious physical injury.  Nor could any such physical injury have occurred because

1    it is conceded that Plaintiffs refused administration of the vaccine.  As such, Court

2    finds that Defendant is entitled to qualified immunity on all claims raised under

3    Section 1983 on the basis that Plaintiffs have not pled any facts which establish

4    Defendant violated a constitutional or statutory right.  The Court does not proceed

5    to consider the second step, and the claims are dismissed with prejudice.  *Glenn*,

6    673 F.3d at 870.

7         **C.    Implied Right of Action**

8         Separate from their Section 1983 claims, Plaintiffs urge that the EUA statute

9    contains a private right of action which permits them to sue.  The Court addressed

10   this issue in its previous Order on the Shriners Defendants' motion to dismiss and

11   explained that the statute contains no such implied right.  ECF No. 42 at 21-22.

12   That conclusion remains in force.  The claim is dismissed with prejudice.

13        **D.    Breach of Contract**

14        Plaintiffs claim that the CDC COVID Vaccination Program Provider

15   Agreement accorded them the benefit of choice—whether to vaccinate or not—

16   without "fear [of] the loss of benefits to which they are otherwise entitled when

17   considering participation."  ECF No. 1 at 98, ¶ 387.  As this Court explained on the

18   Shriners Defendants' motion to dismiss, Plaintiffs' claim for breach of contract is

19   legally deficient because:

20        The Provider Agreement is concerned with vaccine administration and,
          by all counts, Plaintiffs declined to receive a COVID-19 vaccination.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS & DENYING
PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT ~ 21

1

2    Thus, even if the Court were to accept that recipients of COVID-19
3    vaccinations were the intended third-party beneficiaries who the parties
      contracted to protect, that would have no bearing on Plaintiffs' claims of
      unlawful termination because Plaintiffs refused vaccination. At best, any
4    benefit to Plaintiffs resulting from this agreement was purely indirect or
      incidental.  Moreover, the alleged breach of contract that Plaintiffs
5    complain of did not in fact occur because an FDA-authorized vaccine—
      Pfizer-BioNTech—was available to Plaintiffs at the time the
      employment policy was in place.

6    ECF No. 42 at 22.

7        The same rationale applies here, and the claim is dismissed with prejudice.

8        **E.    Employment Torts & Outrage**

9        Plaintiffs do not address their claim for Washington State common law

10   employment torts or outrage in their response briefing; the Court presumes the

11   argument is therefore waived.  *See Atchley v. Pepperidge Farm, Inc.*, CV-04-0452-

12   FVS, 2008 WL 2074035, at *8 (E.D. Wash. May 14, 2008) ("[H]aving failed to

13   respond to this argument in their briefing, the Court has no choice but to consider

14   the issue conceded.").  Additionally, these claims are legally deficient for the

15   reasons outlined in the Court's underlying Order on Defendants' motion to

16   dismiss.  ECF No. 42 at 24-25.  The claims are dismissed with prejudice.

17   **II.    Plaintiffs' Motion to File an Amended Complaint**

18       Plaintiffs move to file an amended complaint.  ECF No. 45.  The motion

19   proposes to add information about, *inter alia*, the "CDC Playbook;" the State's

20   duties per the EUA letter issued by the FDA; "[h]ow Gov. Inslee's proclamation

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS & DENYING
PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT ~ 22

1   unlawfully amended the FDCA;" the doctrine of fair warning as it relates to

2   qualified immunity; and "[f]acts supporting Plaintiffs' claim to a property interest

3   in their right to refuse an EUA/PREP Act drug."  ECF No. 45 at 2-3.

4          Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings

5   prior to trial.  Rule 15(a)(2) provides that leave to amend a complaint should be

6   freely given when justice so requires.  Although this standard is generous and

7   construed liberally to promote resolution of disputes on their merits, it is "subject

8   to the qualification that amendment of the complaint does not cause the opposing

9   party undue prejudice."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th

10   Cir. 1987).  In addition to prejudice to the opposing party, the court may also

11   consider the timing of the motion, the presence or absence of bad faith by the

12   moving party, and the futility of the proposed amendment when ruling on a motion

13   to amend a complaint prior to trial.  *United States v. Corinthian Colls.*, 655 F.3d

14   984, 995 (9th Cir. 2011).

15          The Court has ruled that Defendant Governor Inslee has immunity for all

16   claims pressed against him under Section 1983, and that the Shriners Defendants

17   were not state actors for purposes of Section 1983.  The Court has further found

18   that Plaintiffs have failed to state a cause of action under their state law claims.

19   For the reasons articulated in this Order, the Court's prior Order, and similar

20   Orders by the United States District Court for the Western District of Washington

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS & DENYING
PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT ~ 23

in examining substantially similar claims brought by Plaintiff's counsel, the Court

finds that further amendment would be futile.  Plaintiffs have not offered any set of

facts in the proposed amended complaint which undermine the conclusions set

forth herein or which would establish some new theory of liability.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Governor Jay Inslee's Motion to Dismiss (ECF No. 36) is

   **GRANTED**.  All pending claims against Defendant are dismissed with

   prejudice.

2. Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No.

   45) is **DENIED**.

The District Court Executive is directed to enter this Order and Judgment,

furnish copies to counsel, and **CLOSE** the file.

DATED March 18, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS & DENYING
PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT ~ 24